## IN RE HOUSE BILL NO. 203.

| 21 | 27 |
| 21 | 32 |
| 21 | 27 |
| 126 | 417 |

CONSTITUTIONAL LAW—PERSONAL LIBERTY—RIGHT TO CONTRACT.
In so far as the bill under consideration attempts to abridge the right of contract between parties in regard to matters personal to themselves, and to deprive them of power to fix the mode in which compensation for mining coal shall be ascertained, it is an infringement of constitutional guaranties.

*Original Proceeding.*

"Whereas, the revision and constitution committee in their report on house bill No. 203, Feb. 20, 1895, a bill for an act to regulate the weighing of coal at mines, etc., have had the same under consideration, and beg leave to recommend that, in the opinion of this committee, the bill is unconstitutional, for the reason that the privilege of all Ameri-

can citizens under our constitution is abridged, inasmuch as the right to contract is taken away. But your committee recommend that the bill be referred to the supreme court for an opinion from them on the question.

Therefore, be it resolved, that H. B. No. 203 be and the same is hereby referred to the supreme court for an opinion : Providing said H. B. No. 203 be enacted into law, would it be constitutional?"

PER CURIAM. While the foregoing question does not specifically point out the particular provisions of the federal or state constitution that, in the judgment of the honorable house, prohibits this class of legislation, we infer from the report of the honorable committee on revision and constitution that in its opinion the pending bill is obnoxious to section 1 of the 14th amendment to the constitution of the United States, which declares :

" No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." And also to section 25 of article 2 of our bill of rights, which provides " That no person shall be deprived of life, liberty or property, without due process of law."

In so far as the bill attempts to abridge the right of contract between parties in regard to matters personal to themselves, and to deprive them of the power to fix the mode in which compensation for mining coal shall be ascertained, it is clearly an infringement of these constitutional guaranties. *State v. Goodwill*, 33 W. Va. 179 ; *Millett v. People*, 117 Ill. 294 ; *Wally's Heirs v. Kennedy*, 2 Yerger, 554 ; *Godcharles & Co. v. Wigeman*, 113 Pa. 431 ; *State v. Loomis*, 115 Mo. 307 ; *Low v. Rees Printing Co.*, 41 Neb. 127 ; *Ramsey v. People*, 142 Ill. 380 ; *Frorer v. People*, 141 Ill. 171.

In *Frorer v. People* it is said :

" The privilege of contracting is both a liberty and a property right, and if A. is denied the right to contract and acquire property in a manner which he has hitherto enjoyed under the law, and which B., C. and D. are still allowed by

the law to enjoy, it is clear that he is deprived of both liberty and property to the extent that he is thus denied the right to contract."

And in the case of *Ramsey v. People* the court, in discussing a statute similar to the present bill, used this language:

"The statute makes it imperative, where the miner is paid on the basis of the amount of coal mined, whatever may be the wishes or interests of the parties, that the coal shall be weighed on the pit cars before being screened, and that the compensation shall be computed upon the weight of the unscreened coal. In all other kinds of business involving the employment of labor, the employer and employee are left free to fix by contract the amount of wages to be paid, and the mode in which such wages shall be ascertained and computed. This is justly regarded as a very important right, vitally affecting the interests of both parties. To the extent to which it is abridged, a property right is taken away."

Our opinon is that the bill in its present form is inhibited by the foregoing constitutional provisions, and if enacted into law would be unconstitutional.